IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| SHAUN E. SMITH | : | |
| | : | BANKRUPTCY NO. 18-13107-MDC |
| DEBTOR | : | |
| | : | |
| SHAUN E. SMITH | : | |
| | : | |
| MOVANT | : | |
| | : | |
| v. | : | Hearing Date and Time: September 13, 2018 at 9:30 a.m. |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF REVENUE | : | |
| | : | Related to Doc. 12 |
| RESPONDENT | : | |

PENNSYLVANIA DEPARTMENT OF REVENUE'S OBJECTION TO DEBTOR'S
CHAPTER 13 PLAN (FILED JUNE 15, 2018)

NOW COMES, the Commonwealth of Pennsylvania, Department of
Revenue ("Department"), by and through its Office of Chief
Counsel and Senior Counsel Christos A. Katsaounis, and objects
to the confirmation of the above-captioned Debtor's Chapter 13
Plan ("Plan") as authorized by 11 U.S.C. § 1324(a) as follows:

1.   This objection is made on the grounds that the Plan
does not comply with the provisions of Chapter 13 and has not
been proposed in good faith as required by 11 U.S.C.
§ 1325(a)(1) and (3) and in light of Debtor's obligations
pursuant to 11 U.S.C. § 1322(a)(2) to provide for full payment
of all Department claims entitled to priority under 11 U.S.C. §
507.

2.   Debtor's Plan specifically fails to provide for the full payment of the Department's Proof of Claim for $5,224.52 (Exhibit 1), which was filed on or about July 2, 2018: <u>Unsecured Priority Claim</u>-$4,488.01 for Personal Income Tax ("PIT") for the 2016 and 2017 tax years.  <u>Unsecured Nonpriority Claim</u>-$736.51 for PIT for the 2016 and 2017 tax years.

a.   The PIT amounts for the 2016 tax year was estimated as this tax return was not filed as of the date the Proof of Claim was filed.  The statute allows the Department to estimate the PIT liabilities when a taxpayer has not filed any tax returns. 72 P.S. § 7338(c).  The amounts were placed to protect the Department's interests.

3.   The Department's records show that the Debtor has not filed his PIT return for the 2016 tax year.  (Exhibit 2)

The Plan should not be confirmed because of this delinquent tax return.  The tax return needs to be filed for the Department to determine whether there are any outstanding tax liabilities for this PIT tax year.  Upon the filing of the PIT return, the Department will amend its Proof of Claim, as necessary.

The Debtor can file the delinquent PIT return with this Office as this Office should be able to expedite the processing of the PIT return.

2

a.   In the Debtor's Schedule I, the Debtor provides that he
has been employed by "Body Earth Spirit LLC" as a "Consultant"
for "1 year".

In the Debtor's Schedule I (Paragraph 8a.), the Debtor
provides that he has monthly "Net income from rental property
and from operating a business, profession, or farm" of
$7,161.81.

b.   In his Statement of Financial Affairs (Paragraph 4),
the Debtor provides that he had gross income of "$76,509.00" in
the 2016 tax year from "Operating a business".

c.   A review of the Debtor's Schedule Cs in his 2015 and
2017 PA PIT returns show that the Debtor operated Black Belt
Marketing LLC during these tax years.   (Exhibit 3)

d.   This indicates that the Debtor had income and was
required to file the PIT return for the 2016 delinquent tax
year.

4.   The Department's records show that the Debtor's
corporation Body Earth Spirit LLC (PA ID No. xxxxxx9500, EIN xx-
xxx7897, PA ST ID No. xxxx5060) has not filed Pennsylvania Sales
Tax ("ST") returns for the 02Q17, 03Q17, and 02Q18 tax periods.
(Exhibit 4)  The Department's records show that the Debtor
opened the ST account effective March 1, 2017 and the account
has not been closed.  (Exhibit 4)  [Note:  The Statement of

Financial Affairs (Paragraph 27) provides that the Debtor has

operated Body Earth Spirit LLC from "2017 - present".]

Any liabilities that are due on the delinquent ST returns

will be assessed against the Debtor as the responsible party.

5.  By letter dated April 30, 201 to the Debtor's counsel,

the Department requested the above reference delinquent tax

returns.  (Exhibit 5)  To date, the Department has not received

all the delinquent tax returns.

6.  Based on 11 U.S.C. §§ 1308(a) and 1325(a)(9), this

post-October 17, 2005 Chapter 13 proposed plan may not be

confirmed by this Court because of the Debtor's failure to file

the complete and correct pre-petition state tax return

referenced above.

7.  The Plan does not provide for the payment of the

Department's Unsecured Priority Claim.  The complete and correct

amount of the Department's Unsecured Priority Claim cannot be

determined without the filing of the delinquent tax returns.

The Plan should not be confirmed because of the delinquent

tax returns.  The tax returns need to be filed for the

Department to determine whether there are any outstanding tax

liabilities.  Upon the filing of the delinquent tax returns, the

Department will amend its Proof of Claim, as necessary.

4

8.   The failure of the Plan to provide for the full payment of the Department's claim violates 11 U.S.C. § 1322(a)(2) and 11 U.S.C. § 502(a).

9.   Providing for the full payment of the Department's claim would assist the Court, the Trustee, the Debtor, and the other creditors in determining the viability of the Plan.

10.   The payments provided for in the Plan are not adequate to fund the Plan.

WHEREFORE, the Department respectfully requests that the confirmation of the Debtor's Chapter 13 Plan be denied unless and until the Debtor submits a Plan that provides for the full payment of the Department's claim and the delinquent tax returns are filed.

Respectfully submitted,

Date:  August 9, 2018

/s/ Christos A. Katsaounis
Christos A. Katsaounis
Senior Counsel
PA Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
ckatsaouni@pa.gov
Attorney ID No. 20196 (PA)
Telephone: (717) 346-4643
Facsimile: (717) 772-1459

5